United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 13-17712-elf
Marcos O Almonte                                                Chapter 13
Mary C Almonte
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 2              Date Rcvd: Dec 23, 2016
                              Form ID: 3180W           Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 25, 2016.
```
db/jdb         +Marcos O Almonte,    Mary C Almonte,    27 Constitution Drive,    Chadds Ford, PA 19317-9406
13155983       +1st Financial Bank,    c/o Creditors Bankruptcy Service,     P.O. Box 740933,
                 Dallas, TX 75374-0933
13221500        Christian Community Credit Union,     CCCU,    225 N. Lone Hill,    San Dimas, CA 91773
13171185       +ECMC,    PO BOX 16408,    St. Paul, MN 55116-0408
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Dec 24 2016 00:46:47      City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,     1515 Arch Street 15th Floor,
                 Philadelphia, PA 19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 24 2016 00:45:40
                 Pennsylvania Department of Revenue,    Bankruptcy Division,     P.O. Box 280946,
                 Harrisburg, PA 17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 24 2016 00:46:38       U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13185969       +E-mail/Text: bncmail@w-legal.com Dec 24 2016 00:46:28      ALTAIR OH XIII, LLC,
                 C O WEINSTEIN AND RILEY, PS,    2001 WESTERN AVENUE, STE 400,     SEATTLE, WA 98121-3132
13147894        EDI: AIS.COM Dec 24 2016 00:33:00      American InfoSource LP as agent for,
                 Midland Funding LLC,    PO Box 268941,    Oklahoma City, OK 73126-8941
13187765        EDI: RECOVERYCORP.COM Dec 24 2016 00:33:00      Bureaus Investment Group Portfolio No 15 LLC,
                 c/o Recovery Management Systems Corp,     25 SE 2nd Avenue Suite 1120,    Miami FL 33131-1605
13181887        EDI: CAPITALONE.COM Dec 24 2016 00:33:00      Capital One Bank (USA), N.A.,    PO Box 71083,
                 Charlotte, NC 28272-1083
13158194       +EDI: TSYS2.COM Dec 24 2016 00:33:00      Department Stores National Bank/Macy's,
                 Bankruptcy Processing,    Po Box 8053,    Mason, OH 45040-8053
13155427        EDI: DISCOVER.COM Dec 24 2016 00:33:00      Discover Bank,    DB Servicing Corporation,
                 PO Box 3025,    New Albany, OH 43054-3025
13244256        EDI: RESURGENT.COM Dec 24 2016 00:33:00      LVNV Funding, LLC its successors and assigns as,
                 assignee of HSBC,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
13242785        E-mail/Text: camanagement@mtb.com Dec 24 2016 00:45:28      M&T Bank,    P.O. Box 1288,
                 Buffalo, New York 14240
13175666        EDI: BL-BECKET.COM Dec 24 2016 00:33:00      NCEP, LLC, assignee of UNITED DEBT,    HOLDINGS, LLC,
                 c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
13206223        EDI: PRA.COM Dec 24 2016 00:33:00      Portfolio Recovery Associates, LLC,    PO Box 41067,
                 Norfolk VA 23541
13144981        EDI: Q3G.COM Dec 24 2016 00:33:00      Quantum3 Group LLC as agent for,    Comenity Bank,
                 PO Box 788,    Kirkland, WA 98083-0788
                                                                                              TOTAL: 14

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13212302*     ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,    NORFOLK VA 23541-1067
                (address filed with court: Portfolio Recovery Associates, LLC,     POB 41067,   Norfolk VA 23541)
                                                                                              TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 25, 2016                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
District/off: 0313-2          User: admin              Page 2 of 2              Date Rcvd: Dec 23, 2016
                              Form ID: 3180W           Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 22, 2016 at the address(es) listed below:

```
         ALEXANDRA T. GARCIA    on behalf of Creditor    M&T Bank ecfmail@mwc-law.com
         DAVID M. OFFEN    on behalf of Joint Debtor Mary C Almonte dmo160west@gmail.com,
          davidoffenecf@gmail.com
         DAVID M. OFFEN    on behalf of Debtor Marcos O Almonte dmo160west@gmail.com,
          davidoffenecf@gmail.com
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com,
          bkgroup@kmllawgroup.com
         MARISA MYERS COHEN    on behalf of Creditor    M&T Bank mcohen@mwc-law.com
         THOMAS I. PULEO    on behalf of Creditor    M&T Bank tpuleo@kmllawgroup.com,
          bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                             TOTAL: 8
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Marcos O Almonte** | Social Security number or ITIN  **xxx–xx–1666** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Mary C Almonte** | Social Security number or ITIN  **xxx–xx–8366** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **13–17712–elf** | |

# Order of Discharge                                                                                              12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Marcos O Almonte                                     Mary C Almonte
                                                    aka Mary C Stewart

                                                    **By the court:**   Eric L. Frank
12/22/16                                                                 United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                    **Chapter 13 Discharge**                                    page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**